## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 05 2020, 8:57 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher Sturgeon
Clark County Public Defender Office
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tiffany A. McCoy
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Bobby Price,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

February 5, 2020

Court of Appeals Case No.
19A-CR-1682

Appeal from the Clark Circuit Court

The Honorable Bradley B. Jacobs, Judge

Trial Court Cause No.
10C02-1708-F2-31

**Baker, Judge.**

[1] Bobby Price appeals the sentence imposed by the trial court after he pleaded guilty to Level 4 felony possession of methamphetamine. Price argues that the trial court overlooked significant mitigating factors and that the sentence is inappropriate in light of the nature of the offense and his character. Finding no error and that the sentence is not inappropriate, we affirm.

## Facts

[2] On July 29, 2017, at 2:25 a.m., Clarksville Police Officer Ryan Roederer noticed a black pickup truck leave a hotel in a high drug crime area. Officer Roederer observed the truck abruptly change lanes and turn without using a turn signal; therefore, he activated his emergency lights and initiated a traffic stop.

[3] Price was a passenger in the truck. The driver gave the officer permission to search the truck, so the officer asked Price and the other passengers to exit the vehicle. As Price got out of the truck, a digital scale with white residue on it fell out of the truck and onto the ground. Officer Roederer searched Price and felt a plastic bag with a large solid object inside Price's right front pocket. Price told the officer that the object was methamphetamine. Officer Roederer removed the object, which was a substance later revealed to be 12.5 grams of methamphetamine. Price also had over $900 in his pocket.

[4] On August 2, 2017, the State charged Price with Level 2 felony dealing in methamphetamine, Level 4 felony possession of methamphetamine, and Class C misdemeanor possession of paraphernalia. On October 9, 2018, Price and

the State entered into a plea agreement, pursuant to which Price agreed to plead guilty to possession of methamphetamine in exchange for the dismissal of the other charges. Sentencing was left to the trial court's discretion.

On November 19, 2018, the trial court accepted the plea agreement and sentenced Price to the Department of Correction (DOC) for ten years, with three years suspended to probation. The trial court recommended that Price participate in the Purposeful Incarceration program and encouraged Price to seek a sentence modification upon successful completion of the program. Price now appeals.

# Discussion and Decision

## I.  Mitigating Factors

Price first argues that the trial court erred by failing to consider certain mitigating factors. Price has the burden of demonstrating that the mitigating evidence is significant, is clearly supported by the record, and was advanced for consideration to the trial court. *McElfresh v. State*, 51 N.E.3d 103, 112 (Ind. 2016); *Anglemyer v. State*, 868 N.E.2d 482, 490-91 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007). Even if we find error, we will affirm if we are persuaded that the trial court would have imposed the same sentence had it considered the proffered mitigators. *Anglemyer*, 868 N.E.2d at 491.

At the sentencing hearing, Price tendered a mitigation report to the trial court. As the court was reading the report, it asked counsel "[w]hat are the suggested mitigations," to which counsel responded as follows:

> . . . [Price] has had significant contacts with both juvenile . . . and adult D.O.C. beginning . . . way back . . . not wanting to get into the whole, whole gist of the report being as we've got a full courtroom right now. I think . . . his upbringing would act as a significant mitigator as well as his . . . history within the system and the way he's been treated . . . . and bashed around in our system and I think we owe him . . . some measure of drug treatment at least to try to get him . . . back on track.

Tr. Vol. II p. 35. The trial court found Price's substance abuse disorder and significant childhood trauma as mitigating factors.

[8] On appeal, Price argues that the trial court also should have found these mitigating factors: Price's sixth grade education; his homelessness; his untreated mental health issues; the non-violent nature of his past convictions; the lack of a two-parent home; his expressed willingness to improve himself and get treatment; and his prospects of future employment. Initially, we note that these mitigators were not advanced for consideration before the trial court. Consequently, Price has waived the right to make this argument on appeal. *See Koch v. State*, 952 N.E.2d 359, 375 (Ind. Ct. App. 2011) (finding that trial court did not err by not finding defendant's mental illness to be a mitigator where defendant did not raise it at the sentencing hearing).

[9] Waiver notwithstanding, we find that the trial court implicitly considered several of these mitigators—specifically, Price's limited education, homelessness, untreated mental health issues, lack of a two-parent home, and his willingness to enter substance abuse treatment—by noting that it found Price's substance abuse disorder and childhood trauma as mitigating factors.

With respect to the non-violent nature of his past convictions, we note that included within his lengthy criminal history are convictions for assault and burglary. He has also been charged with battery, battery by bodily waste, and battery against a public safety official. Given this history, we cannot say Price has met the burden of showing that this proffered mitigator is supported by the evidence in the record. Finally, with respect to Price's prospects of future employment, at the time of sentencing, Price was unemployed and had last worked in July 2017. Therefore, this mitigator is likewise not supported by the evidence in the record.

[10] We also note that even if the trial court overlooked any mitigators, we will still affirm if we can say with confidence that the trial court would have imposed the same sentence. *Anglemyer*, 868 N.E.2d at 491. Here, the trial court reviewed the mitigation report, including all relevant details about Price's challenging adolescence and battles with substance abuse. It implicitly considered all those details by finding his substance abuse disorder and childhood trauma to be mitigators. The trial court also found two substantial aggravators—Price's lengthy criminal history and the fact that he was on probation at the time he committed the instant crime—and concluded that those aggravators outweighed the mitigators. Under these circumstances, we find that even if the trial court had explicitly listed the factors proffered by Price, it would have imposed the same sentence. Price's arguments to the contrary are unavailing.

# II. Appropriateness

[11] Price also argues that the sentence imposed by the trial court is inappropriate in light of the nature of the offense and his character pursuant to Indiana Appellate Rule 7(B). We must "conduct [this] review with substantial deference and give 'due consideration' to the trial court's decision—since the 'principal role of [our] review is to attempt to leaven the outliers,' and not to achieve a perceived 'correct' sentence." *Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014) (quoting *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013)) (internal citations omitted).

[12] Price pleaded guilty to a Level 4 felony, for which he faced a sentence of two to twelve years, with an advisory sentence of six years imprisonment. Ind. Code § 35-50-2-5.5. The trial court imposed a ten-year sentence, but ordered three of those years suspended to probation, meaning that Price received an executed term of seven years, just slightly above the advisory. The trial court also recommended that Price participate in the Purposeful Incarceration program,[1] encouraging him to seek a sentence modification after successful completion.

[13] With respect to the nature of the offense, Price was traveling in a high drug crime area in the middle of the night with a scale with white residue on it, over

---

[1] Purposeful Incarceration is a cooperative project between the DOC and Indiana's trial courts. With this program, the DOC "works in collaboration with Judges who can sentence chemically addicted offenders and document that they will 'consider a sentence modification' should the offender successfully complete an IDOC Therapeutic community. This supports the [DOC] and the Judiciary to get addicted offenders the treatment that they need and work collaboratively to support their successful re-entry into society." Ind. Dep't of Corr., Purposeful Incarceration, https://www.in.gov/idoc/2798.htm (last visited January 23, 2020).

$900 in cash, and a large quantity of methamphetamine on his person. We do not find that the nature of the offense renders the sentence inappropriate.

[14] With respect to Price's character, we certainly recognize the difficulties he has faced in his life. As noted above, he has only a sixth grade education. At the age of fourteen, he was molested twice by other inmates at a juvenile DOC facility. He has been using drugs since he was ten years old. At the time of sentencing, he was homeless and unemployed.

[15] All of that said, we must also consider Price's lengthy criminal history. As a juvenile, Price was arrested and charged as a delinquent and spent time in the DOC. As an adult, Price has been charged and convicted with crimes in Florida and Indiana. In Florida, he has at least three convictions for possession of drug paraphernalia, simple assault, and burglary. In Indiana, his crimes span four different counties. Prior to and including the current charges, Price was arrested and charged with fifteen felonies and thirteen misdemeanors, resulting in felony convictions for theft, burglary, criminal mischief, and the current conviction for possession of methamphetamine. After the current charges were filed, he was charged with and convicted of two felonies—dealing in marijuana and theft—and two misdemeanors—false informing and criminal mischief. There are currently charges pending against Price, including felony escape and battery against a public safety official.

[16]     Price also has a history of violating probation. Indeed, he was on probation at the time he committed the current offense. In the past, his probation has been revoked and he has been placed in the DOC as a result.

[17]     It is clear that Price has a serious substance abuse problem. But the trial court took that into consideration by suggesting that he participate in the Purposeful Incarceration program. If Price successfully completes that program, he will be eligible for a sentence modification. Given Price's many contacts with the criminal justice system over the years and his inability or unwillingness to seek treatment for his addiction, we cannot say that the sentence imposed by the trial court is inappropriate in light of the nature of the offense and his character.

[18]     The judgment of the trial court is affirmed.

Riley, J., and Brown, J., concur.